4    539
28    503

## COUNTY OF KENT, SEPTEMBER TERM, 1857.

### RICHARD WATERMAN & Wife v. SOLOMON MATTESON.

Replevin for property mortgaged to the wife before marriage, the debt secured by the marriage being her sole and separate property by virtue of the "Act concerning the property of married women," must, by an express provision of that act, be brought in the joint names of husband and wife, as an action "relating" to the property of a married woman, "secured to her by the act."

The action of replevin is maintainable, by virtue of the statute "regulating proceedings in replevin," for goods and chattels unlawfully *detained*, though not unlawfully *taken*, as

well as for goods and chattels unlawfully *taken;* and hence, unlike trespass, may be maintained by a mortgagee against a mortgagor in possession, for wood and timber cut upon the mortgaged estate in waste of the same, and in substantial diminution of the stipulated security of the mortgagee.

REPLEVIN for a house frame, and a quantity of timber, logs, and cord wood.

Pleas, *non cepit,* and issue joined, and property in one James; replication, affirming property in the plaintiffs, and issue joined.

At the trial, before Sherman, J., at the August term of the court of common pleas, 1857, for the county of Kent, the plaintiffs, to prove their property in the goods replevied, produced and proved a mortgage deed, executed on the 16th of August, 1855, to the plaintiff, Mrs. Waterman, then ———— Reed and unmarried, of an unimproved wood lot in West Greenwich, containing about twenty-two acres, with condition for the payment of a promissory note of that date within one year therefrom, for the sum of $175, made by the defendant to Miss Reed, and their marriage in 1856. They also proved, that in May, 1857, the mortgage debt, being then due and unpaid, notice was given to the defendant by the plaintiffs, through an agent, to cut no more wood or timber from the mortgaged premises; to which defendant replied, that he should " do as he had a mind to as to the wood, and should not stop there." That a few days afterwards the defendant cut and drew, partly into the road and partly upon an adjoining lot, the timber and wood described in the writ to the value of $57, which the plaintiffs thereupon replevied. The plaintiffs also proved, that upon the sale of the mortgaged premises, in June following, under a power of sale contained in the mortgage, they were sold, after a prior sale to the defendant for $126 which he refused to complete, to a third party, for the sum of $30.

The defendant, up to the time of the sale, remained in possession of the mortgaged premises.

Upon this proof, the defendant moved for, and obtained a nonsuit, upon two grounds :—

*First,* That if the wood and timber replevied was not the property of the defendant, it was solely the property of Richard Waterman, the husband, and not the joint property of himself

and his wife, and that the action should have been brought in his name alone.

*Second,* That the defendant, as mortgagor in possession, being the owner of the premises, had a right to cut the fencing-wood and timber thereon, and convert it to his own use; that such cutting and converting was not a trespass; and for that reason, replevin could not be maintained for the wood and timber so cut and converted.

The plaintiffs duly excepted to the above rulings, and to the judgment of nonsuit founded thereon; and the cause was heard upon the bill of exceptions allowed, and which set forth the above facts and rulings.

*Cozzens,* for the plaintiffs, submitted and argued,—

*First,* That the facts reported have no tendency to transfer the property in the wood and timber replevied from the wife to the husband.

*Second,* That the defendant had no right to commit waste on the mortgaged premises, and to diminish thereby the security of the mortgagee; and that under the facts reported the goods replevied were her property. *Pettingill* v. *Evans,* 5 N. H. 54; *Smith* v. *Moore,* 11 Ib. 55; *Saunders* v. *Reed,* 12 Ib. 558; *Smith* v. *Goodwin,* 2 Greenl. R. 173; *Stowell* v. *Pike,* Ib. 285; *Weeks* v. *Thomas,* 8 Shepl. 465; *Gore* v. *Jenness,* 1 Appl. 53; *Peirce* v. *Goddard,* 22 Pick. 22; *Northampton Paper Mill* v. *Ames,* 8 Metc. R. 1; *Lull* v. *Matthews,* 19 Verm. R. 322; *Langdon* v. *Paul,* 22 Ib. 205; *Higgins* v. *York Buildings Co.* 2 Atk. 107; *Keech* v. *Hall,* Doug. 21; *Partridge* v. *Bell,* 2 B. & A. 604; *Runyan* v. *Mesereau,* 11 Johns. 534; *Jackson* v. *Brenner,* 19 Ib. 325; *Dickinson* v. *Jackson,* 6 Cow. 147; 9 Serg. & R. 311; *Fitchburg Manufacturing Co.* v. *Melvin,* 15 Mass. 270; *Wilder* v. *Harrington,* 1 Pick. 87.

*Third,* That replevin lies to enforce the rights of the plaintiffs. *Richardson* v. *York,* 2 Shepl. 216; *Snyder* v. *Vaux,* 2 Rawle, 423; 17 Johns. 116.

*T. C. Greene,* for defendant.

*First,* That if the property in the wood and timber replevied was in the plaintiffs at all, it was solely in the husband, after said wood and timber was severed from the freehold, and the

action should have been brought in the name of the husband alone. Dig. of 1844, p. 270 ; Sched. January Sess. 1856, p. 73 ; 1 Chit. Pl. 85, 188, side ; *Russel et ux* v. *Caine*, 1 Salk. 119 ; *Arundel* v. *Short and Wife*, Cro. El. 133.

Replevin does not lie by husband and wife to recover chattels, the property of the wife before marriage. *Seibert* v. *Mc-Henry*, 6 Watts, 301. Husband and wife cannot bring replevin in their joint names for timber cut upon land belonging to them jointly. *Fairchild* v. *Chastelleux*, 8 Watts, 402 ; 2 Saunders's Pl. & Ev. 769, 770.

*Second.* The defendant, being a mortgagor in possession, is to be treated as owner of the mortgaged premises, and as such owner has a right to cut the wood and timber growing thereon ; and that at all events he is not liable to the mortgagee in an action of trespass or replevin. 4 Kent's Com. 155, 156, side ; *Peterson* v. *Clark*, 15 Johns. 205 ; *Rich* v. *Baker*, 3 Denio, 79 ; *Runyan* v. *Mesereau*, 11 Johns. 534 ; *Cooper* v. *Davis*, 15 Conn. 556 ; *Toby* v. *Reed*, 9 Conn. 216, 223 ; *Clark* v. *Beach*, 6 Conn. 160 ; *Hatch* v. *Dwight et al.* 17 Mass. 286 ; *Wilder* v. *Houghton*, 1 Pick. 87 ; 2 Saunders on Pl. & Ev. 1130, 1131.

AMES, C. J.   The first ground upon which the nonsuit in this case was moved for and obtained is clearly untenable.   If this action against the mortgagor is maintainable at all under the circumstances disclosed by the bill of exceptions, it can be maintained only in the joint names of the plaintiffs as husband and wife.   The debt secured by the mortgage is, by force of the " Act concerning the property of married women," (Dig. 1844, p. 270,) the sole and separate property of the wife ; and the interest in property, whether real or personal in its nature, conveyed by the mortgage in security is, as incident to the debt, solely her estate.   This action being brought to assert her right as mortgagee to the property claimed in replevin, in order that it may be applied, when recovered, to the payment of her sole and separate debt, must, by the very terms of the sixth section of the above entitled act, as an action " relating " to the property of a married woman " secured to her by this act," be sued by the husband and wife jointly, except when, which is not this case, a trustee of the property has been appointed by the court.   (Dig.

1844, p. 271.)    The argument of the counsel for the defendant, whether founded upon the above statute or upon the common law authorities cited by him, supposes the wife in this case to be the absolute owner of the replevied property, instead of having a mere right to hold it in security for, and as incident to, her sole and separate property, the mortgage debt.

The other ground upon which the nonsuit in this case was ordered requires more consideration.    It is difficult to see upon what principle, trespass, an action appropriate only to an injury to the *possession* of the plaintiff, can be maintained by a mortgagee who has never had possession of the mortgaged property against a mortagor who is in possession of it, upon the ground that the former, by the cutting of timber or the like, is exceeding his power over the mortgaged property.    The cases cited by the counsel for the defendant, as well as the more recent cases of *Litchfield* v. *Ready,* 1 Eng. L. & Eq. R. 462, and *Turner* v. *Cameron, Coalbrook, &c. Railway Co.* 2 Eng. L. & Eq. R. 342, in both which the opinion of the court of exchequer was given by Baron Parke with his usual force and clearness, are, we think, decisive upon this point, if indeed the point were not already clear from the very nature of the action of trespass. The notion upon which some of the cases cited by the counsel for the plaintiffs proceed, that a mortgagor in possession is a mere tenant at will of the mortgagee, and that his tenancy is determined at law by the first act of waste which he commits, exemplifies the danger against which Lord Mansfield gave his warning upon this very subject in the leading case of *Moss* v. *Gallimore,* Doug. 279.    " Nothing," says his lordship, " is so apt to confound as a simile."    A mortgagor in possession is not a tenant at will of the mortgagee in any other sense than a disseisor or intruder is.    His possession may be terminated at the will of the mortgagee by entry or action ; but he pays no rent, is entitled to no emblements, and may be entered upon or sued in ejectment without notice.    He has no stable right of possession as against the properly asserted right of possession of the mortgagee ; but no incident of a tenancy at will, that we know of, attaches to the relation between them.    " The mortgagor is not in all respects a mere bailiff ; he is much like a bailiff ; he is

not a mere tenant at will ; *in fact he can be described merely by saying, he is a mortgagor.*" Per Parke, Baron, in *Litchfield* v. *Ready*, 1 Eng. L. & Eq. R. 462.

But it by no means follows, as supposed by the learned judge below, that because trespass will not lie in favor of a mortgagee against a mortgagor in possession, under the circumstances disclosed by this bill of exceptions, that replevin will not. It is true, that at common law, a wrongful taking is necessary to the maintenance of the latter action ; but by our statute " regulating proceedings in replevin," (Dig. 1844, p. 182,) the action is given " when any goods or chattels " " shall be unlawfully taken *or unlawfully detained* from the owner or the person entitled to the possession of the same." Accordingly, this action has, for a long time, been in use amongst us, not merely to recover possession of goods wrongfully taken, but to enforce the plaintiff's title to the possession of goods when improperly resisted, without regard to the mode in which the defendant acquired possession of them. Nothing but a right of present possession in the plaintiff, founded either upon a general or special ownership of goods, is necessary, under the well-settled construction of the above statute, to enable him to maintain a writ of replevin for them.

Had Clarissa D. Waterman then such right of possession to the timber, logs, and wood replevied by this writ, on the 21st day of May, 1857, when it was served ?

As mortgagee, she was certainly entitled to the possession of the real estate mortgaged, including the timber and wood growing thereon. If the wood and timber taken from the land by the defendant were taken in the course of good husbandry as a portion of the proper rents and profits of the same, he was undoubtedly entitled to them as mortgagor in possession without liability to account therefor to his mortgagee. If, on the other hand, they were taken from the mortgaged premises in strip and waste of the same, and so in violation of the rights of Mrs. Waterman as mortgagee, such wrong cannot, in our judgment, because it severs the timber and wood from the freehold, deprive her of her right to it at law under her mortgage as security for her debt, but simply changes her remedy from eject-

ment to replevin—from the form of action appropriate to the enforcement of her right to the possession of real, to the form of action appropriate to the enforcement of her right to the possession of personal property. Formerly, the right of the mortgagor was, upon breach of the condition of the mortgage, wholly gone at law; and his equity to redeem was recognized only by the tribunal able to enforce such a right. It is true, that in modern times the courts of law have, for many purposes, treated the mortgagor in possession as the real owner of the estate, looking upon a mortgage in the same light that a court of equity does, as a mere security for the mortgage debt; but we can see no reason why such courts should recognize in a mortgagor in possession under a forfeited mortgage greater rights over the mortgaged estate than courts of equity do. The rights and duties of mortgagor and mortgagee in and as to the mortgaged estate must be the same, in whatever forum they may come to be considered. Neither can deal with these rights and duties, except in the mode proper to it, and according to the forms of proceeding adapted to the redress which may be sought. The mortgagee's remedy against waste of the mortgaged estate by the mortgagor, must, in general, that is, where a writ of estrepement will not lie—be sought by injunction in equity; but waste is equally a violation of the rights of the mortgagee under the mortgage, at law, as in equity, and is regarded as a wrong in a court of law, with all the legal consequences attached to an act of that character. One of the most obvious of these is, that the wrongdoer can derive no advantage from his wrongful act; and for this reason, we have considered, that the cutting down of timber and trees growing on the mortgaged premises in waste of the same, and in substantial diminution of the stipulated security of the mortgagee, cannot affect his right, although it may change the form of his remedy, to recover possession of the property conveyed by the mortgage deed.

Whether the timber and wood replevied by the plaintiffs were severed by the mortgagor from the mortgaged premises in due course of husbandry, or in wrongful waste and strip of the same, and in substantial diminution of the mortgagee's stipu-

46 *

lated security for her debt, was a question of fact to be passed upon by a jury upon evidence to be submitted to them; and in our judgment, the court below erred in ordering a nonsuit in this case upon the second ground upon which the same was moved for and obtained.

For these reasons, the judgment of nonsuit rendered in this cause by the court of common pleas of the county of Kent is set aside, and a new trial is granted to the plaintiffs, to be had at the next term of said court.